THOMAS E. PARMELE ET AL. V. HEENAN & FINLEN.

FILED JANUARY 18, 1906. No. 14,106.

Specific Performance: EVIDENCE. Where it is sought to enforce specific performance of a contract to sell real estate which it is claimed was entered into upon behalf of a corporation by certain of its officers in their individual names, it is incumbent upon the plaintiff to show either that the corporation authorized the contract or that the execution of the same had been ratified by it.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Byron Clark,* for plaintiffs in error.

*J. R. Dean, contra.*

LETTON, C.

This action was brought by Heenan & Finlen, a copartnership, against Thomas E. Parmele, Charles C. Parmele, Samuel H. Atwood, Guy Sievers and the Plattsmouth Live Stock Company, to enforce the specific performance of a contract to convey a half section of land in Custer county to the plaintiffs by the defendant, the Plattsmouth Live Stock Company. A decree was rendered by the trial court, finding for the plaintiff and directing the Plattsmouth Live Stock Company to convey the real estate in controversy to the plaintiff, enjoining each and all of the defendants from setting up any title to the land and quieting the title of the same in the plaintiff. Separate motions for a new trial were filed by the defendants, which were overruled, and separate petitions in error have been filed in this court. A number of assignments of error are set forth in the motions for a new trial and in the petition in error, but, in our view, it will only be necessary to consider the first ground set forth, which is that the decision is not sustained by sufficient evidence.

A number of letters from Mr. Heenan, a member of the

partnership, to the defendants Thomas E. Parmele and to Charles C. Parmele are in evidence, the contents of which are relied upon as creating a contract for the sale of the land. The contents of these letters, so far as material, are in substance as follows: A letter of April 3, 1901, from Mr. Heenan to Mr. Thomas E. Parmele, says: "If you will accept $1,000 cash, I will try and raise the money for the land." Under date of April 6, 1901, Parmele replies to this letter, accepting $1,000 for "the land as per your offer." The next letter in the series is from Charles C. Parmele to Mr. Heenan under date of May 25, 1901, to the effect that Parmele had made a draft on him for $1,000, and sent the same to a bank in Chicago, and attached an abstract and deed to a "half section of land in Custer county." On June 15, 1901, Charles C. Parmele wrote Heenan to the effect that he had written the Chicago bank to return the deed, abstract and draft, in order that a release of mortgage might be shown upon the abstract. These papers were returned to Parmele by the bank before June 18, 1901, and nothing further was done by Parmele. On July 30, 1901, Heenan wrote Parmele, asking him to send the deed to Dwight, Illinois, and in April and May, 1902, Heenan again wrote to Parmele, offering to pay the $1,000 for the land. Parmele in April and May, 1902, wrote to Heenan in reply, to the effect that in May, 1901, he had forwarded the papers to the Chicago bank where they lay for a long time, and that after waiting more than a reasonable time to hear from them, he had ordered them returned, and considered the matter closed. This ended the correspondence, and thereafter this action was begun to enforce specific performance.

These letters, while containing no description of any specific tract of land, show negotiations between Daniel Heenan, as an individual, and Charles C. Parmele and Thomas E. Parmele, as individuals, with reference to the sale of a tract of land in Custer county. There is no language contained in any of the letters which even implies that the Plattsmouth Live stock Company has any connec-

tion with the negotiations or that the partnership firm of Heenan & Finlen was the party for whom Heenan was acting. The trial court found that Thomas E. Parmele is the president, and Charles C. Parmele is the secretary of said company, but there is no evidence that they, as such officers, were in any way authorized by the corporation, to enter into any such contract, or that any such contract was ever ratified by the company. As a general rule, a corporation acts through its board of directors. The directors may authorize the president and secretary to enter into a contract which will bind the corporation, but such officers, merely by virtue of their office, have no right to contract to sell the real estate of the corporation. Moreover, there is nothing to show that the directors ever authorized the making of any such contract by any person, or that any contract was made by the Parmeles, or either of them, purporting to act as officers of the company. The most that can be claimed for the language of the letters is that the Parmeles, as individuals, accepted an offer of Daniel Heenan, as an individual, to buy a "half section of land in Custer county," and, upon delay in performance by Heenan, refused to make the conveyance. This evidence is insufficient to support the decree.

We recommend that the judgment of the district court be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for a new trial.

REVERSED.